**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BALDEV SINGH, | No. 05-76657 |
| Petitioner, | |
| v. | Agency No. A078-637-895 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| BALDEV SINGH, | No. 09-70549 |
| Petitioner, | |
| v. | Agency No. A078-637-895 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 16, 2010[]
San Francisco, California

Before: ARCHER,[***] CALLAHAN, and BEA, Circuit Judges.

Baldev Singh ("Baldev"), a native and citizen of India, petitions for review of the Board of Immigration Appeals's ("BIA") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") denied Baldev's asylum application because it was untimely. The IJ found Baldev was not credible, denied his applications for withholding of removal and CAT relief, and ordered him removed. The BIA affirmed. Baldev also petitions for review of the BIA's denial of his motion to reopen his removal proceedings. We deny both petitions.

**1.** We lack jurisdiction to grant Baldev relief with respect to his asylum claim. An alien must demonstrate by clear and convincing evidence that he filed an asylum application within one year after the date he arrived in the United States. 8 U.S.C. § 1158(a)(2)(B). The IJ found Baldev arrived in the United States on or about February 1, 1999, but did not file an asylum application until June 12, 2000.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

We lack jurisdiction to review the IJ's factual determination regarding the timeliness of Baldev's asylum application. *Id.* § 1158(a)(3). Although we have jurisdiction to review constitutional and legal issues with respect to timeliness, Baldev has raised no such issues on appeal. *Id.* § 1252(a)(2)(D).

**2.** Substantial evidence supports the IJ's finding that Baldev was not credible. We will uphold an adverse credibility finding so long as the IJ or the BIA provided at least one "specific, cogent reason" that "go[es] to the heart of [the] asylum claim." *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (citations and internal quotation marks omitted). Here, the IJ cited specific inconsistencies between Baldev's asylum application and his testimony on which it based its finding that Baldev was not credible. These inconsistencies go to the heart of Baldev's claim that he was persecuted by Indian police.

First, Baldev wrote in his asylum application that when Indian police arrested him in 1991 they questioned him about funeral donations he collected for his cousin's funeral. However, Baldev testified that when the police arrested him in 1991 they asked him where his cousin was located. He also testified that his cousin did not die until 1992 or 1993. Second, Baldev wrote in his asylum application that he received medical treatment after his third arrest and that he went into hiding three months later. However, he testified that he did not receive

3

medical treatment after his third arrest and that he went into hiding a few days later. Baldev failed adequately to explain these inconsistencies.

Because substantial evidence supported the IJ's adverse credibility finding, the BIA did not err when it denied Baldev's application for withholding of removal. *See id.* at 964 (holding that an alien is not eligible for withholding of removal unless he can prove it is more like than not that he will be persecuted on account of a statutorily protected ground). Further, the BIA did not err when it denied Baldev's application for CAT relief because Baldev failed to show "it is more likely than not that he . . . will be tortured if removed to [India]." 8 C.F.R. § 208.16(c)(2).

**3.**     The BIA did not abuse its discretion when it denied Baldev's motion to reopen his removal proceedings as untimely. A motion to reopen proceedings must be filed within 90 days of a final removal order. 8 U.S.C. § 1229(c)(7)(C)(i). The BIA entered its final removal order on October 24, 2005, but Baldev did not file a motion to reopen until November 6, 2008. None of the exceptions to the 90-day filing deadline apply. *See* 8 C.F.R. § 1003.2(c)(3).

We lack jurisdiction to consider whether equitable tolling should have extended the 90-day filing deadline because Baldev failed to raise the issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Zara v. Ashcroft*, 383 F.3d 927, 930–31 (9th

4

Cir. 2004). Further, because Baldev failed to raise the equitable tolling issue, the BIA did not violate his procedural due process rights when it failed to consider equitable tolling. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (holding that no due process violation exists unless an alien proves "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case" (citation and internal quotation marks omitted)).

Finally, we lack jurisdiction to review the BIA's decision not to reopen Baldev's removal proceedings on its own motion. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**DISMISSED in part; DENIED in part.**